BEDFORD NELSON *v.* ANN NELSON.

**Wills—Bequest—Discretionary Power.**

 A bequest by one to his former slave and faithful servant was held to vest discretionary power in the testator's wife as to its payment.

APPEAL FROM LINCOLN CIRCUIT COURT.

December 19, 1873.

OPINION BY JUDGE PRYOR:

The devise to Bedford seems to have vested a discretionary power alone in the wife, as to its payment; and whether so or not, the relation between the owner and the slave at the time of the death

of the devisor, gave to the wife the power, if she saw proper, to withhold any payment. The wife, however, regarding the moral obligations imposed on her, both by her husband's will and the kind treatment by Bedford, attempted to execute this provision for his benefit. Nor are we disposed to adjudge that she has failed to do this. Bedford was furnished with a home for his wife and children for the years 1861-2-3, and seems to have lived contented and comfortable until his embarrassment by reason of the purchase of property he was unable to pay for. Mrs. Nelson kept the accounts of the work in the blacksmith shop, as reported to her by Bedford, he collecting part of them and receiving the cash payments, as well as Mrs. Nelson, and from the proceeds maintaining himself and family during the existence of the alleged partnership.

There was no reference to arbitration between the parties, and no final award, if there had been. In the settlement of accounts between partners, even in such a business undertaking, many of the accounts would necessarily be worthless, and for which neither party should be held to account. Bedford, also, had the use of his house for two years afterwards without charge, and from the proof lived better whilst he was obtaining the indulgence and living under the control of his old mistress, than afterwards. The object Mrs. Nelson had in view, no doubt, in giving him such prominence in the business he was conducting for her, was to make him feel his ability to provide for his children, and to evince her liberality towards him by reason of his faithfulness to her and her deceased husband. It is unfortunate that he should have lost his money in the purchase of the house and lot; but this is not to be attributed to the appellee, or if so, Bedford must depend upon her liberality and charity alone, as he had previously done, for its restitution. Judgment affirmed.

*Dunlap, for appellant.*

*Hill & Alcorn, for appellee.*